# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARTHUR BUSH, CDCR #J-85079,<br><br>         Plaintiff,<br><br>vs.<br><br>G. JANDA; CALIPATRIA STATE PRISON; T. OCHOA; G. CHIAVARRA; S. ANAYA; R. McCLINN; N. GRANNIS;<br><br>         Defendants. | Civil No. 10cv1825 BTM (NLS)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

## I.

### Procedural History

On August 31, 2010, Anthony Arthur Bush ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison, and proceeding pro se, submitted a civil action pursuant to 42 U.S.C. § 1983. On December 15, 2010, this Court granted Plaintiff's Motion to Proceed *in forma pauperis* ("IFP") but sua sponte dismissed his Complaint for failing to state a claim and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

Plaintiff was given leave to file a First Amended Complaint ("FAC") which he filed on December 23, 2010.

## II.

**SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)**

As the Court stated in its previous Order, notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3). *Id. at* 1127.

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

**Good Time Credits and *Heck***

The basis for Plaintiff's claims arise from the allegations that his constitutional rights were violated when he was charged with a disciplinary violation that led to a disciplinary hearing. Following the hearing, Plaintiff admits that he was assessed a "penalty of 'thirty (30) days forfeiture of credit'" as a result of his disciplinary conviction. (*See* FAC at 7.) In addition, as a form of relief, Plaintiff seeks an injunction from this Court "immediately arrang[ing] for Bush's credit earning status to be reinstated by to 'A1-A.'"[1] (*Id.* at 19.)

---

[1] California prisoners in the A-1-A group are assigned to a full-time credit qualifying work, educational, or vocational training program. As a result, A-1-A inmates earn one-for-one worktime credit, *i.e.,* for every qualifying day's work, the inmates earn a day of credit that may be subtracted from

However, the Court finds that all of Plaintiff's claims relating to his disciplinary hearing in which he lost good-time credits must be dismissed because they are premature under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Constitutional claims involving a prison's disciplinary or administrative decisions to revoke good-time credits are subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1) since habeas corpus is the exclusive federal remedy whenever the claim for damages depends on a determination that a disciplinary judgment is invalid or the sentence currently being served is unconstitutionally long. *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); *Heck*, 512 U.S. at 486-87; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here, Plaintiff claims that correctional officers were violating his First Amendment rights by punishing him with a disciplinary hearing for writing a letter to his mother and retaliating against him for exercising his "right to criticize prison officials." (FAC at 11.) In order to state a claim for damages under section 1983 based on these allegations under *Heck* and *Edwards*, however, Plaintiff must allege facts sufficient to show that Defendants' decision to remove his credits has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Plaintiff has failed to do so; therefore, he must sufficiently amend his pleading to provide such a showing before any cause of action for damages accrues under the Civil Rights Act. *Id.*

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

///

///

---

their sentence. 15 CAL. CODE REGS. § 3044(b)(2); CAL. PENAL CODE § 2933(a).

## III.

## CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: February 8, 2011

Honorable Barry Ted Moskowitz
United States District Judge